UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KUND, LLC,                                              No. 09-10700

                        Debtor(s).
_____/

JEFFRY  LOCKE, Trustee,

                        Plaintiff(s),

            v.                                          A.P. No. 09-1144

COTTMAN TRANSMISSION SYSTEMS, LLC,
et al.,

                        Defendant(s).
_____/

Memorandum on Motion to Compel Arbitration
_____

        Plaintiff Jeffry Locke is the Chapter 7 trustee of the bankruptcy estate of debtor Kund, LLC.
He has commenced this adversary proceeding to object to the $1 million proof of claim filed by
defendant Cottman Transmission arising out of the debtor's alleged breach of a licensing agreement
and to counterclaim for damages.  Cottman has moved the court to compel arbitration pursuant to the
terms of the licensing agreement.[1]

_____

        [1]When an objection to a claim is coupled with a demand for affirmative relief, it is heard as an
adversary proceeding pursuant to Rules 3007(b) and 7001(1) of the Federal Rules of Bankruptcy
Procedure.  Pursuant to 28 U.S.C.  § 157(b)(2)(B) and (C), this is a core proceeding.

1

1      Were it not for Cottman's proof of claim, the court might well grant Cottman's request.

2 However, the proof of claim changes everything.  While many responsibilities have been added to the

3 bankruptcy courts over the years, the basic and original purpose of bankruptcy courts was to oversee

4 distributions from bankruptcy estates.   The policies favoring centralized resolution of all matters

5 affecting the bankruptcy estate, protection of other creditors as well as debtors from piecemeal

6 litigation, and economical and swift distribution of bankruptcy estates are just as strong now as they

7 were a century ago.  When a claim has been filed against a bankruptcy estate, these considerations

8 militate against compelling arbitration.  See *In re Startec Global Communications Corp.,* 292 B.R.

9 246, 253 (Bankr.D.Md. 2003), citing *In re National Gypsum*, 118 F.3d 1056 (5th Cir.1997)[finding

10 also that the "best interests of the estate will be served by litigation of all claims before this court so as

11 to provide one forum to determine all issues"]; see also *Hays & Co. v. Merrill Lynch, Pierce, Fenner*

12 *& Smith*, 885 F.2d 1149, 1161 (3rd Cir. 1989)[an arbitration clause should not be enforced if doing so

13 "would seriously jeopardize the objectives of the Code"];  *Shugrue v. Air Line Pilots Ass'n Int'l (In re*

14 *Ionosphere Clubs, Inc.)*, 922 F.2d 984, 989 (2d Cir.1990) [one of the core goals of bankruptcy is to

15 "centralize all disputes concerning property of the debtor's estate so that reorganization can proceed

16 efficiently, unimpeded by uncoordinated proceedings in other arenas"].

17      This court can resolve this adversary proceeding far more quickly and economically for all the

18 parties than an arbitration panel.  Given the proof of claim, arbitration would seriously jeopardize

19 important objectives of the  Bankruptcy Code.  Accordingly, the motion to compel arbitration will be

20 denied.  Counsel for Locke shall submit an appropriate form of order.

21      Dated:  January 15, 2010

22

23

24 Alan Jaroslovsky
   U.S. Bankruptcy Judge

25

26

2